```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION


JUAN B. PLATAS AND FRANCISCA      §
ORTIZ,                            §
                                  §
          Plaintiffs,              §
                                  §
VS.                               §   CIVIL ACTION H-10-4686
                                  §
ALLSTATE TEXAS LLOYD'S, PILOT     §
CATASTROPHE SERVICES, INC., and   §
CHRISTOPHER WAYNE PERRYMAN,       §
                                  §
          Defendants.              §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause seeking to recover adequate compensation under an insurance policy for damages to Property caused by Hurricane Ike is Defendant Allstate Texas Lloyd's ("Allstate's) motion to enforce verified plea in abatement (#22).

On October 15, 2010 Plaintiffs filed their Original Petition in this action. Allstate responded by filing its Verified Plea in Abatement (#7) on December 17, 2010, asserting that Plaintiffs had failed to file the required statutory written notice of their claims pursuant to Section 541.154(a) of the Texas Insurance Code. Plaintiffs then sent a notice letter (Exhibit A to #23) to Allstate on December 23, 2010. On March 4, 2011, United State Magistrate Judge Frances Stacy granted Allstate's request for abatement (#18)

because she found that Plaintiff's December 23, 2010 notice letter was deficient.  Section 541.154(b) of the Texas Insurance Code requires that a notice letter contain "specific factual allegations supporting the causes of action, or at least enough information to imply those facts. . . ."  *Boone v. Safeco Ins. Co. Of Indiana*, H-09-1613, 2009 WL 3063320, *3 (S.D, Tex. 2009), *citing Richardson v. Foster & Sear LLP*, 257 S.W. 3d 782 (Tex. 2008).  On March 4, 2011, Plaintiff sent an amended notice letter (Exhibit B).  Allstate then filed its motion to enforce, arguing that this notice, too, was insufficient and asking the Court to enforce abatement of this case until the 60th day after Plaintiffs provide notice in compliance with the Texas Insurance Code and Judge Stacy's order.

    Plaintiffs next submitted to Allstate on April 28, 2011 a second amended notice letter (Exhibit C) and filed opposition to the motion to enforce.  The Court reviews this final notice letter to determine whether adequate notice has been provided to Allstate.

    Plaintiffs Juan B. Platas and Francisca Ortiz argue that the second notice is sufficient because it advised Allstate of their specific complaint and of the amount of actual damages and expenses, including attorney's fees reasonably incurred in making their complaint.

    The letter states that their property at 7423 Pouter Drive, Houston, Texas 77083, sustained severe damage from Hurricane Ike.  Water intruded through the roof, causing damage throughout the

home, including in the kitchen, four bedrooms, bathrooms and closets, as well as to walls, insulation, doors, windows and flooring. A closet light stopped working. The storm caused substantial structural and exterior damage, caused the framing of the doors to become unlevel, and damaged the garage and boiler. Furthermore, Plaintiffs' fence, mechanical systems, roof, siding, cornice and storage shed were damaged. They lost their electricity and suffered approximately one hundred dollars in lost food and incurred living expenses in the sum of six hundred dollars. Moreover the notice letter asserted that assigned adjuster, Defendant Christopher Wayne Perryman, was improperly trained, failed to communicate with Plaintiffs, failed to perform a thorough inspection of the claimed hurricane damages, and spent only 45 minutes assessing the damage to Plaintiffs' property. Allstate then sent Plaintiffs a letter informing them that the adjuster found no damages due to the hurricane and therefore their claim did not exceed their deductible. Plaintiffs complain that the adjuster's report did not provide any information that they could understand for the denial of their claim. Allstate informed Plaintiffs there was nothing more that it could do and closed their file. Plaintiffs maintain that the delay in asking for repairs caused by this inadequate investigation and underpayment of their claim caused additional damage to their property. They still have not received full payment.

Tracking the language of the Texas Insurance Code, Plaintiffs complain that Defendants violated the following provisions of the Texas Insurance Code: (1) Misrepresenting and/or failing to discuss with Mr. Platas and Mrs. Ortiz pertinent facts or policy provisions relating to coverage as an issue, in violation of Tex. Ins. Code Ann. Sec. 541.060(a)(1); (2) Failing to acknowledge, with reasonable promptness, pertinent communications with respect to the claim arising under the policy, in violation of Tex. Ins. Code Ann. Sec. 542.003(b)(2); (3) Failing to adopt reasonable standards for prompt investigation of the claim arising under the policy, in violation of Tex. Ins. Code Ann. Sec. 542.003(b)(3); (4) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim submitted in which liability has become reasonably clear, in violation of Tex. Ins. Code Ann. Sec. 541.060(a)(2)(A); (5) Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement, in violation of Tex. Ins. Code Ann. Sec. 541.060(a)(3); (6) Failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed, in violation of Tex. Ins. Code Ann. Sec. 541.060(a)(4); and (7) Refusing to pay the claims without conducting a reasonable investigation based upon all available information, in violation of Tex. Ins. Code Ann. Sec.

541.060(a)(7). The delay in payment to Plaintiffs also violates Section 542.055, *et seq.*, thereby triggering the insurer's liability to pay the amount of the claim plus damages of 18% per annum on the amount of the claim, in addition to prejudgment interest and reasonable attorney's fees.

Finally Plaintiffs asked for $175,000.00 in economic damages, $30,000.00 in mental anguish damages, and $82,000.00 for expenses, including attorney's fees.

**Court's Ruling**

Under Section 541.154(a) of the Texas Insurance Code, a person seeking damages in a lawsuit "against another person under this subchapter must provide written notice to the other person not later than the 61st day before the action is filed." Tex. Ins. Code § 541.154(a). That written notice must "advise the other person of . . . "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." *Id.*, § 541.154(b). The purpose of the notice requirement is to provide the insurer a right and opportunity to make a settlement offer. Tex. Ins. Code Sec. 541.156; *Lewis v. Nationwide Property and Casualty Ins. Co.*, Civil Action No. H-10-4950, 2011 WL 845952, *4 (S.D. Tex. Mar. 8, 2011), *also citing In re Behr*, No. 04-05-00895-CV, 2006 WL 468001, *3 (Tex. App.--San Antonio Mar. 1, 2006)("holding that without presuit notice, a defendant 'is denied his right to limit his

-5-

damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code'").

The insurer has 60 days from, receipt of the notice of a suit to make a settlement offer under both the Texas Insurance Code and the DTPA to "encourage settlement and avoidance of litigation." *Lewis*, 2011 WL 845952, *4, *citing Cleo Bustamante Enters., Inc, v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, *1 (W.D. Tex. June 30, 2005), and *Hines v. Hash*, 843 S.W. 2d 464, 469 (Tex. 1992). Any settlement offer from the insurer must separately indicate (1) "an amount of money or other consideration, reduced to its cash value, as settlement of the claim for damages" and (3) "an amount of money to compensate the claimant for the claimant's reasonable and necessary attorney's fees incurred as of the date of the offer." *Lewis*, 2011 WL 845952, *4*, citing* Tex. Ins. Code Ann. Sec. 541.157(1)-(2). If the insured rejects the settlement offer, after liability is determined, "the court finds the amount stated in the settlement offer . . . is the same as, substantially the same as, or more than the amount of damages found by the trier of fact," the claimant may not recover "any amount in excess of the lesser . . . of the amount of damages in the offer; or the amount of damages found by the trier of fact." *Id., citing* Tex. Ins Code. Ann. Sec. 541.159.

If the insured does not provide the required notice, the insurer "may file a plea in abatement not later than the 30th day

after the date the person files an original answer." Tex. Ins. Code Ann. Sec. 541.155(a). If the defendant verifies the plea and the plaintiff fails to controvert it before the 11th day after the pleas in abatement, abatement is automatic without a court order If it is disputed, after a hearing the court shall abate the action if it finds that the person is entitled to an abatement because the insured failed to provide the required notice. Tex. Ins. Code Ann. Sec. 541.156(b)). In either case, the abatement continues until the sixtieth day after the notice is provided. Tex. Ins. Code Sec. 541.155(d).

The plaintiff need not comply if "giving notice is impracticable because the action . . . must be filed to prevent the statute of limitations from expiring . . . or . . . is asserted as a counterclaim." *Id.*, § 541.154.

Under § 541.155 of the Texas Insurance Code,

(a) A person against whom an action under this subchapter is pending who does not receive the notice as required by Section 541.154 may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending.

(b) That court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154.

(c) An action is automatically abated without a court order beginning on the 11th day after the date a plea in abatement is filed if the plea:

   (1) is verified and alleges that the person against whom the action is pending did not

-7-

>receive the notice as required by Section 541.154; and
>
>(2) is not controverted by an affidavit filed by the claimant before the 11th day after the date the pleas in abatement is filed.

(d) An abatement under this section continues until the 60th day after the date notice is provided in compliance with Section 541.154.

(e) This section does not apply if Section 541.154(c) applies.

Similarly, § 17.505(a) of the DTPA requires a consumer filing suit to give a sixty-day written notice to the defendant before commencing the action to advise him "in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." The DTPA provides an exception where giving notice is impracticable because of imminent expiration of limitations or if the consumer's claim is made as a counterclaim. Section 17.505(b). If the defendant does not receive the timely notice, he may file a pleas in abatement "not later than the 30th day after the date the person files an original answer in the court in which the suit is pending, unless Subsection (b) applies.

Section 17.505(c).[1]  The abatement subsections are the same as those under the Texas Insurance Code.

The purpose of the sixty-day notice obligation under both statutes is to "'discourage litigation and encourage settlements of consumer complaints.'"  *Hines v. Hash*, 843 S.W. 2d 463, 469 (Tex. 1985), *quoting John Walter Homes, Inc. v. Valencia*, 690 S.W. 2d 239, 242 (Tex. 1985).

Where a plaintiff argues that abatement is or will soon be moot because of the passage of more than 60 days after service of a notice letter, an insufficient notice fails to trigger the 60-day abatement period and thus precludes the mootness argument. *Corona v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1651, 2010 WL 2636119, *1 (S.D. Tex. June 29, 2010)(holding that plaintiffs' mootness argument "fails because their notice letter was deficient in substance"); *Boone v. Safeco Ins. Co. Of Indiana*, No. H-09-1613, 2009 WL 3063320, *3 (S.D. Tex. Sept. 22, 2009)(demand letter filed too late and with insufficient content "failed to trigger the 60-day abatement period").

Cases addressing the sufficiency of notice requirements have found that specific factual allegations support the causes of

---

[1] The Supreme Court of Texas has held that even a request for abatement filed after forty-five days is timely if it is made "while the purpose of the notice-settlement and avoidance of litigation expense remains viable.  Thus, defendant must request an abatement with the filing of an answer or very soon thereafter." *Hines*, 843 S.W. 2d at 469.

action, or at least enough information to imply those facts, will satisfy the notice requirement. *Lewis* 2011 WL 845952, *5 (notice letter sufficient because its states that adjuster failed to include damages as to their home in the inspection), *citing Richardson*, 257 S.W. 3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W. 2d 189, 191-92 (Tex. App.-Texarkana 1985, writ ref'd n.r.e.)(holding that plaintiff's four paragraph notice letter satisfied the notice requirement of the DTPA even though the allegations were general and specific facts supporting the cause of action were implied. *See also Perez v. Nationwide Property and Casualty Ins. Co.*, Civil A. No. H-10-5224, 22011 WL 846077, *5 (S.D. Tex. Mar. 8, 2011)(finding notice letter sufficient where specific problem with defendants' adjustment of the insurance claim was inadequate time spent by the adjuster examining the damage to the plaintiffs' home, including the roof, and allowing only minimum repairs to the roof); *Rubio v. Allstate Texas Lloyd's*, Civ. A. No. H-10-3058, 2010 WL 5232949, *2 (S.D. Tex. Dec. 16, 2010)(same). The demand letter does not have to be as specific as a formal complaint in a lawsuit. Mary Dee Pridgen, Consumer Protection and the Law Sec. 5:3 (database updated October 2010).

Although part of Plaintiffs' demand letter does parrot provisions of the Texas Insurance Code,[2] they also complain of

---

[2] *See, e.g., Boone*, 2009 WL 3063320 at *3 (holding notice letter insufficient because it "merely parroted the Texas Insurance Code violations"); *Nichols v. Nationwide Property and Casualty Ins.*

specific damages and of the inadequate time (45 minutes) spent by the adjuster, as well as the insurer's written denial of any payment for Plaintiffs' claims based on the adjuster's report. They also assert amounts of actual damages, mental anguish damages, and attorney's fees. Thus the Court finds the third letter is sufficient and that they have cured the deficiencies in earlier letters.

Accordingly the Court

ORDERS that Defendant Allstate's motion to enforce verified plea is DENIED.

**SIGNED** at Houston, Texas, this  5th  day of  October , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

*Co.*, Civ. A. No. H-10-0824, 2010 WL 1576694, *2 (S.D. Tex. Apr. 20, 2010)(same).